J-S23012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAQUAN PERNELL | : | |
| | : | |
| Appellant | : | No. 2554 EDA 2022 |

Appeal from the Order Entered September 16, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012715-2010

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:         **FILED SEPTEMBER 15, 2023**

Laquan Pernell appeals *pro se* from the order denying his motion for DNA testing pursuant to Section 9543.1 of the Post Conviction Relief Act ("PCRA")[1]. After review, we affirm.

On December 11, 2012, at a joint guilty plea hearing, Pernell and a co-defendant entered guilty pleas to third-degree murder, conspiracy to commit murder, and possession of an instrument of crime stemming from their involvement in the 2010 murder of Aaron Lewis. The trial court sentenced Pernell to twenty-five to fifty years' imprisonment. Pernell's post-sentence motion was denied by operation of law. Pernell did not file a direct appeal.

---

[1] 42 Pa. C.S.A. §§ 9541-9546.

On June 13, 2017, Pernell filed a counseled PCRA petition. After consideration of the Commonwealth's motion to dismiss, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Pernell did not respond, and the PCRA court subsequently denied the petition. We affirmed the denial on appeal. *See Commonwealth v. Pernell*, 3215 EDA 2018 (Pa. Super., filed December 3, 2019) (non-precedential memorandum).

On May 19, 2021, Pernell filed a motion for forensic DNA testing pursuant to Section 9543.1 of the PCRA. Specifically, Pernell sought testing of the following items:

1. Three .380 caliber fired cartridge casings.
2. Two .380 bullets recovered from Aaron Lewis.
3. One .22 caliber unfired cartridge.
4. One .38 caliber unfired cartridge.
5. Any and all video footage from inside 8th & Race on 7/14/10-7/16/10.
6. The recovered .38 caliber handgun.

Motion for Forensic DNA Testing, 5/19/2021, at 1. Pernell requested forensic testing be performed on the above items in order to prove that the gun found in his home was never fired, and that the recovered cartridges and bullets could not have come from that gun. On September 16, 2022, the PCRA court denied the motion for DNA testing. This timely appeal followed.

On appeal, Pernell claims the trial court erred in denying his motion for DNA testing. Section 9543.1 of the PCRA controls post-conviction requests for DNA testing.

An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court *at any time* for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

42 Pa.C.S.A. § 9543.1 (emphasis added).

We review the PCRA court's denial of Pernell's petition for an error of law:

Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Walsh*, 125 A.3d 1248, 1252-53 (Pa. Super. 2015) (citation omitted).

Section 9543.1 sets forth several threshold requirements to obtain DNA testing. *See* 42 Pa.C.S.A. § 9543.1:

(1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency.

…

The text of the statute set forth in Section 9543.1(c)(3) and reinforced in Section 9543.1(d)(2) requires the applicant to demonstrate that favorable results of the requested DNA testing would establish the applicant's actual innocence of the crime of

conviction. The statutory standard to obtain testing requires more than conjecture or speculation; it demands a *prima facie* case that the DNA results, if exculpatory, would establish actual innocence.

***Walsh***, 125 A.3d at 1254-55 (citations omitted). Further, while motions for DNA testing under section 9543.1 are not subject to the PCRA's one-year time bar, the statute does require that the request is timely. ***See*** 42 Pa.C.S.A. § 9543.1(d)(1)(iii). In analyzing timeliness for purposes of section 9543.1(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice. ***See Walsh***, 125 A.3d at 1255.

We ultimately find Pernell is unable to satisfy the threshold requirements for DNA testing.

First, Pernell does not establish that the evidence specified is still available for testing. Second, Pernell acknowledges the evidence specified was discovered and placed into evidence prior to his guilty plea. Despite this acknowledgement, Pernell fails to explain why the evidence was not DNA tested previously.

Additionally, we find Pernell is unable to satisfy the threshold requirement of presenting a *prima facie* case demonstrating actual innocence. Pernell seeks DNA testing to prove that the gun found in his home was never used, so it could not have been used in the commission of this crime. The DNA testing allowed pursuant to Section 9543.1 would not demonstrate this. DNA

testing simply does not demonstrate anything to do with the operation of a gun. Since the testing Pernell seeks is not the type permitted by the relevant statute, no exculpatory results could be obtained.

Finally, we find Pernell's request for DNA testing is untimely pursuant to Section 9543.1(d)(1)(iii). DNA testing was clearly available at the time Pernell was set to go to trial in 2012, and the evidence Pernell seeks to have tested was available prior to the scheduled trial and at the time he pled guilty. Nevertheless, Pernell did not seek DNA testing of the gun found at his home. Further, Pernell previously litigated a PCRA petition in which he made no mention of DNA testing. No separate request for DNA testing was filed during the pendency of the PCRA proceedings either.

In light of Pernell's failure to seek DNA testing at the time of his guilty plea, and his failure to seek DNA testing during the time period of his first PCRA proceedings, the record demonstrates that Pernell's motion for DNA testing is untimely for purposes of Section 9543.1(d). **See** 42 Pa.C.S.A. § 9543.1(d)(1)(iii).

We conclude Pernell failed to satisfy the threshold requirements to obtain DNA testing pursuant to Section 9543.1(a)(2). Therefore, the PCRA court properly denied Pernell's motion for post-conviction DNA testing. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/15/2023</u>